IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KHASHA YAR A. NASHERY, et al., | ) | CASE NO.: 1:05 CV 781 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| THE CARNEGIE TRADING GROUP | ) | |
| LTD., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendants, The Carnegie Trading Group Ltd., Inc.'s and John C. Glase's Motion to Dismiss or Transfer Jurisdiction. (ECF #26). After careful consideration of the briefs and a review of all relevant authority, Defendants' Motion to Dismiss or Transfer Jurisdiction is DENIED.

Defendants contend that there is a forum selection clause that governs the jurisdiction and venue of any litigation between the parties. In support of this contention, Defendants have attached to their motion an agreement between Plaintiff, Mr. Nashery and Man Financial Inc.. The agreement contains a paragraph wherein the parties to the customer agreement agree that all

controversies arising out of the agreement shall be litigated on in the State of Illinois, and that Mr. Nashery submits to the jurisdiction of the United States District Court of the Northern District of Illinois. The agreement purports to extends all benefits and rights provided to Man Financial Inc. under the agreement to any introducing brokers as well. Defendant Carnegie Trading Group, Inc. is an introducing broker for Man Financial, and Defendant Glass is the principal owner of Carnegie. Defendants would, therefore, be beneficiaries of the forum selection clause under the agreement.

Forum selection clauses are generally enforceable unless enforcement is determined to be unfair or unreasonable. Security Watch, Inc. v. Sentinel Systems, Inc., No. 97-6496 (6th Cir. 1999), citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS, Section 80 (1988 Revision) and Moses v. Business Card Express, Inc., 929 F.2d 1131,1136 (6th Cir.), cert. denied, 502 U.S. 821 (1991). Plaintiffs argue that enforcement of the forum selection clause would be unfair and unreasonable at this stage of the litigation because Defendants waived any defense of improper venue by failing to raise it in their responsive pleadings as required by Fed. R. Civ. Pro. 12(h).

The Court agrees with Plaintiffs' argument. Federal Rule 12(h) states that a defense of lack of jurisdiction over the person or improper venue is waived if not made in a responsive pleading or by motion made before a pleading is filed. Not only did the Defendants fail to raise the defense of improper venue or jurisdiction in their responsive pleadings, they admitted in their Amended Answer that this Court has jurisdiction over the action, and that venue properly lies with this Court. (ECF #11). This case was filed in this Court nearly a year before Defendants raised the issue of venue. In fact, the original trial date and the first continued trial date had both passed before Defendants raised the issue of venue. Under the circumstances, therefore, it would

be both unfair and unreasonable to enforce the forum selection clause contained in the customer agreement. Defendants have clearly waived any defense they may have had with regard to jurisdiction or venue.

## CONCLUSION

For the reasons set forth above Defendants' Motion to Dismiss or Transfer Jurisdiction is DENIED. IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: May 5, 2006